

DANIEL G. BOGDEN
United States Attorney
District of Nevada
LISA C. CARTIER GIROUX
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336
Fax: 702-388-6418

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | 2:14-cr-265-JCM-VCF |
| Plaintiff,            ) | |
| )            | **PLEA AGREEMENT** |
| vs.            ) | |
| RYAN PATRICK MOSKOWITZ,            ) | |
| Defendant.            ) | |

The United States, by and through Daniel G. Bogden, United States Attorney, and Lisa C. Cartier Giroux, Assistant United States Attorney, the defendant, Ryan Patrick Moskowitz, and counsel for the defendant, Michael Pandullo, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

I.      **SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and Ryan Patrick Moskowitz (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It

does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to a Superseding Criminal Information charging the following:

<u>Count 1</u>: *Coercion and Enticement* in violation of 18 U.S.C. § 2422(a).

The defendant agrees to waive any defects or infirmities as to the form of the Superseding Criminal Information.

The defendant also agrees to the forfeiture of the property set forth in this Plea Agreement and Superseding Criminal Information. The United States agrees to dismiss any remaining charges against the defendant at the time of sentencing.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the

defendant's behalf;

  6. The right to have the assistance of an attorney at all stages of such proceedings; and

  7. The right to indictment by a grand jury.

 C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered his plea in court.

 D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

**III. ELEMENTS OF THE OFFENSES**

 <u>Count 1</u>: The elements of *Coercion and Enticement* under 18 U.S.C. § 2422(a) are:

 1. The defendant knowingly attempted to persuade, induce, entice or coerce an individual to travel in interstate commerce to engage in any sexual activity for which any person can be charged with a criminal offense; and

 2. The defendant did something that was a substantial step toward the act.

*See* 9th Cir. Crim. Jury Instr. 8.192 (2010).

**IV. FACTS SUPPORTING GUILTY PLEA**

 A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

 B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right

3

1  to forfeit the specified property. The defendant further acknowledges that his admissions and
2  declarations of fact set forth below satisfy every element of the charged offenses.
3      C.    The defendant waives any potential future claim that the facts he admitted in this
4  Plea Agreement were insufficient to satisfy the elements of the charged offenses.
5      D.    The defendant admits and declares under penalty of perjury that the facts set
6  forth below are true and correct:
7      1.    On or about June 4, 2014, defendant Ryan Patrick Moskowitz placed an ad
8  entitled "Hung older for sub younger" on Craigslist.com in the men seeking women section of
9  the Las Vegas, Nevada personals. The advertisement contained two images of a white male with
10  an erection depicted from two different angles. The text of the ad stated "Tall white male 6ft2
11  light colored eyes a few tattoos very laid back and open minded ... I do have transportation as
12  well as a place and a job ... what I'm on here for is to talk get to know someone see where it
13  leads .. I like open minded females who are open minded sexually and like to explore new ways
14  of pleasure ... I can be very dominant ... love a sexy young female who wants to be my sub and
15  learn the ways of submission and kink ... tired of woman being scared of their sexuality or the
16  effort needed to push the limits ... I'm real hope you are too send pics on 1st reply and we can
17  discuss further."
18      2.    Federal Task Force Officer (TFO) Christopher Holman acting in an undercover
19  capacity, adopted the persona of a 14 year old girl, "Pandy," and responded to the ad stating
20  "that thing is huge. U for real?" Approximately 13 minutes later, Moskowitz responded stating
21  "yes I'm for ... are you??" Thereafter Moskowitz engaged in a series of emails and text
22  messages with the undercover officer whom Moskowitz believed was a 14 year old girl.
23      3.    The communications clearly identified the age of the child to which the
24

4

defendant messaged in response "wow 14? I can go to jail for talking to you ... what are you doing on Craigslist??? I live in green valley also and am 30." A non-sexual photograph of what appeared to be a 14 year old girl was also provided to Moskowitz. During the communications, the undercover officer had several exchanges with Moskowitz that were sexual in nature. During the email and text exchanges, Moskowitz asked "Pandy" what she was looking to do, if she was a virgin, how many guys she was with sexually, and if she liked oral sex and "69." Moskowitz also requested that "Pandy" send him "naughty pics for daddy." Moskowitz then made arrangements with "Pandy" to meet up for sex while her mother was at work. When "Pandy" communicated that "she" wanted him to wear a condom, Moskowitz stated the he did not usually wear a condom because they just break because of his size, but that he was clean and would pull out.

  4. Moskowitz and "Pandy" made an agreement for Moskowitz to meet the minor girl in a specific Smith's parking lot at 55 S. Valle Verde Drive in Las Vegas, Nevada on Friday, June 6, 2014 at approximately 15:30 hours. Moskowitz did not appear at the scheduled time. In the days following, Moskowitz continued to communicate with "Pandy" and scheduled a meeting for sex at "Pandy's" house on June 10, 2014 with a plan to meet at a specified time in the same parking lot. On June 10, 2014, Moskowitz arrived driving the white motorcycle that he told "Pandy" that he would be riding. Prior to his arrival, Moskowitz sent "Pandy" photos of his penis via text.

  5. Under the laws of the State of Nevada, it is an offense to attempt to commit Statutory Sexual Seduction. Nevada law defines "sexual seduction" as "[o]rdinary sexual intercourse, anal intercourse, cunnilingus or fellatio committed by a person 18 years of age or older with a person under the age of 16 years," or "[a]ny other sexual penetration committed by

1  a person 18 years of age or older with a person under the age of 16 years with the intent of
2  arousing, appealing to, or gratifying the lust or passions or sexual desires of either of the
3  persons."

4      6.     Moskowitz took a substantial step toward attempting to persuade, induce, entice,
5  and coerce a minor to travel in interstate commerce to engage in sexual activity with an adult,
6  himself. At approximately 15:15 hours on June 10, 2014, Moskowitz pulled into the Smith's
7  parking lot alone as planned to meet with "Pandy" so that they could go to her house and have
8  sex before her mother returned home from work. Moskowitz texted "Pandy" and said that he
9  was there. Law enforcement made contact with Moskowitz and arrested him.

10      7.     Moskowitz admitted to sending "Pandy" who he believed to be 14, nude images
11 of a male's penis over the internet via text. He also admitted to asking her to send him nude
12 images over the internet and to speaking to her via text and email about having sex. Moskowitz
13 admitted to using his cell phone to accomplish these communications with "Pandy."

14 **V.   COLLATERAL USE OF FACTUAL ADMISSIONS**

15 The facts set forth in Section IV of this Plea Agreement shall be admissible against the
16 defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant
17 does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea
18 Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting
19 any evidence, argument or representation offered by or on the defendant's behalf. The
20 defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410
21 regarding the use of the facts set forth in Section IV of this Plea Agreement.

22 **VI.  APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

23      A.    <u>Discretionary Nature of Sentencing Guidelines</u>.  The defendant acknowledges

24

that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

      B.    <u>Offense Level Calculations</u>. As originally indicted, the Defendant qualifies for a ten year mandatory minimum under 18 USC § 2422(b). In light of the concessions of being made by the United States in entering into this agreement, the parties stipulate to the following calculation of the Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

| | |
|---|---|
| Base Offense Level (USSG §2G1.3(a)(3)): | 28 |
| Use of Computer or Interactive Computer Service (USSG §2G1.3(b)(3): | +2 |
| Acceptance of Responsibility (USSG §3E1.1(a), (b)): | <u>(3)</u> |
| Total Offense Level: | 27[1] |

The parties agree and stipulate to this upward departure pursuant to USSG §3A1.1(b)(1) (Vulnerable Victim), USSG §5K2.0(a)(1)(B) (Child Crime and Sexual Offense), and USSG §5K2.21 (Dismissed and Uncharged Conduct); or, an upward variance pursuant to 18 USC §3553(a), to the extent required to achieve a sentence of eighty-seven (87) months imprisonment. The upward departure is based on the fact that the Defendant qualified for a minimum mandatory sentence of 120 months imprisonment and the Defendant acknowledges that if the Government elected to proceed to trial, the Government would be able to prove his

---

[1] The parties anticipate that the defendant will fall into a Criminal History Category II or III. Therefore, based on an adjusted offense level of 27 and a Criminal History Category II or III, the parties anticipate the applicable guideline range in this case will be 78-97 or 87-108 months.

guilt of each count in the Superseding Criminal Information beyond a reasonable doubt. Further the upward variance is based on the need for the sentence to 1) reflect the seriousness of the offense and to provide just punishment for the offense; 2) afford adequate deterrence to criminal conduct; and 3) protect the public from further crimes of the Defendant. The defendant agrees that the upward departure is reasonable and sufficient, but not greater than necessary to achieve the goals of sentencing.

C.  <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

D.  <u>Criminal History Category</u>.  The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will

determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty for *Coercion and Enticement* under 18 U.S.C. § 2422(a) is a twenty year prison sentence, a fine of $250,000, or both, and up to lifetime supervised release. 18 U.S.C. §§ 2422(a), 3583(k).

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the

1  defendant's sentence.

2    C. <u>Additional Mandatory Sentencing Provisions</u>.  Defendant has been advised, and
3  understands, that under the Sex Offender Registration and Notification Act, a federal law,
4  defendant must register and keep the registration current in each of the following jurisdictions:
5  where defendant resides; where defendant is an employee; and where defendant is a student.
6  Defendant understands that the requirements for registration include providing defendant's
7  name, defendant's residence address, and the names and addresses of any places where
8  defendant is or will be an employee or a student, among other information.  Defendant further
9  understands that the requirement to keep the registration current includes informing at least one
10 jurisdiction in which defendant resides, is an employee, or is a student not later than three
11 business days after any change of defendant's name, residence, employment, or student status.
12 Defendant has been advised, and understands, that failure to comply with these obligations
13 subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250,
14 which is punishable by a fine or imprisonment, or both.

15   D. <u>Parole Abolished</u>.  The defendant acknowledges that his prison sentence cannot
16 be shortened by early release on parole because parole has been abolished.

17   E. <u>Supervised Release</u>.  In addition to imprisonment and a fine, the defendant will be
18 subject to a term of supervised release not to exceed lifetime supervised release.  18 U.S.C.
19 § 3583(k).  Supervised release is a period of time after release from prison during which the
20 defendant will be subject to various restrictions and requirements.  If the defendant violates any
21 condition of supervised release, the Court may order the defendant's return to prison for all or
22 part of the term of supervised release, which could result in the defendant serving a total term of
23 imprisonment greater than the statutory maximum prison sentence of 20 years.

24

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Nevada, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.

Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

F. <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The parties will jointly recommend that the Court sentence the defendant to a sentence of 87 months. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence upward or downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a guideline sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant will not will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose. The defendant will not seek a sentence below 87 months.

...

11

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court. The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## X. FORFEITURE

The defendant knowingly and voluntarily:

A. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture for the following:

a) a 2009 Kawasaki motorcycle (VIN JKAZXCE119A024444); and

b) a Samsung Galaxy smart phone,

hereinafter referred to collectively as "property."

B. Abandons or forfeits the property to the United States;

C. Relinquishes all right, title, and interest in the property;

D. Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

E. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

F. Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

G. Agrees not to file any claim, answer, petition, or other documents in any

proceedings concerning the property;

  H. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

  I. Waives his right to a jury trial on the forfeiture of the property;

  J. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

  K. Agrees to the entry of an Order of Forfeiture of the property to the United States;

  L. Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

  M. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

  N. The defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

## XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and

13

will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII. SEX OFFENDER REQUIREMENTS (SORNA)

The defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et. seq., he must register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is an employee; and (3) where the defendant is a student. The defendant understands that he must comply with all the registration requirements contained in SORNA. 42 U.S.C. § 16901 et. seq. The defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student.

The defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which the defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

## XIII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

    (2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

    (3) He has discussed the terms of this Plea Agreement with his attorney;

    (4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

    (5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

  The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

  B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

  The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. <u>Removal/Deportation Consequences</u>. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied

...

...

...

...

by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 8-5-15

Lisa C. Cartier Giroux
Assistant United States Attorney

DATE 7-17-2015

Michael Pandullo
Counsel for the Defendant

DATE 7/17/15

Ryan Patrick Moskowitz
Defendant

17